UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARCELLUS MCMURRAY,

                                      Plaintiff,                Case # 15-CV-6398-FPG

v.

                                                                   DISMISSAL ORDER

ATTICA C.F., et al.,

                                   Defendants.
_____

## INTRODUCTION

On June 19, 2015, *pro se* Plaintiff Marcellus McMurray sued numerous Defendants pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights while he was an inmate at Attica Correctional Facility. ECF No. 1.

On July 15, 2019, Nurse Administrator Michalek, the only remaining Defendant, moved to dismiss this case pursuant to Federal Rules of Civil Procedure 37 and 41(b) for Plaintiff's failure to comply with discovery orders and to prosecute his claims. ECF No. 35. Defendant also asked the Court to order Plaintiff to pay the fee for the deposition that he failed to attend. *Id.* Although the Court gave Plaintiff an opportunity to respond to Defendant's motion, he has not done so.

For the reasons that follow, the Court grants Defendant's motion, dismisses this case with prejudice, and orders Plaintiff to pay $77.80 to the Attorney General's Office.

## BACKGROUND

On April 17, 2018, the Court referred this case to United States Magistrate Judge Marian W. Payson for all pretrial matters. ECF No. 23. Judge Payson scheduled a conference with the parties for May 8, 2018, but it did not occur because Plaintiff did not appear. ECF No. 25.

In addition to failing to appear for a Court-ordered conference, Plaintiff has repeatedly ignored correspondence from Defendant's attorney, Heather McKay. On five occasions—March

28, June 29, and September 10, 2018, and April 30 and May 22, 2019—Ms. McKay wrote to Plaintiff and asked him to complete an authorization form so that she could access his medical records, but Plaintiff has not sent her the form or otherwise communicated with her. ECF No. 35-1 at 4-5, 11-15. Defendant also attempted to confer with Plaintiff, per Judge Payson's orders, to develop an amended scheduling order, but again Plaintiff did not respond. *Id.* at 5, 12; ECF No 32. On May 20, 2019, Ms. McKay called Plaintiff, but Plaintiff did not answer or return her voicemail message. ECF No. 35-1 at 5, 11.

On May 31, 2019, Ms. McKay mailed a notice of deposition to Plaintiff's home address, informing him that he was to attend a deposition scheduled for July 2, 2019. ECF No. 34. Plaintiff did not notify Ms. McKay that he could not attend, yet he did not appear for the deposition or communicate with Ms. McKay after the fact to explain his absence. ECF No. 35-1 at 3-4. Ms. McKay and a stenographer waited for Plaintiff for about one hour, and the stenographer charged a $77.80 "no show" fee. *Id.* at 4; ECF No 37.

## DISCUSSION

**I.  Dismissal**

In light of Plaintiff's ongoing failure to respond to discovery requests and prosecute his claims, Defendant asks the Court to dismiss this case. Under Rule 37(b), a court may dismiss a case or impose other sanctions if a party does not obey an order to provide or permit discovery. *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 106-07 (2d Cir. 2002); *see* Fed. R. Civ. P. 37(b). Similarly, under Rule 41(b), a court may dismiss a case for the plaintiff's failure to prosecute his claims. *Lopez v. Pichardo 2230 Rest. Corp.*, 734 F. App'x 16, 17 (2d Cir. 2018) (summary order); *see* Fed. R. Civ P. 41(b).

Although it is a "harsh remedy," courts have the discretion to dismiss a case for a plaintiff's failure to comply with discovery orders or to prosecute. *Lopez.*, 734 F. App'x at 17 (considering dismissal under Rule 41(b)); *Ferrer v. Fischer*, No. 9:13-CV-0031 NAM/ATB, 2014 WL 5859139, at *2 (N.D.N.Y. Nov. 12, 2014) (considering dismissal under Rule 37). The Second Circuit has "upheld the severe sanction of dismissal with prejudice even against a plaintiff who is proceeding *pro se*, so long as a warning has been given that noncompliance can result in dismissal." *Guzman v. Leibowitz*, No. 04-CV-6441-CJS(P), 2006 WL 1144431, at *1 (W.D.N.Y. Apr. 25, 2006) (quotation marks, alterations, and citation omitted).

In evaluating whether to dismiss a case for the plaintiff's failure to prosecute or to comply with discovery orders, a court considers: (1) whether the plaintiff's failure caused a significant delay; (2) whether the plaintiff was notified that further delay would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) the balance between alleviating court calendar congestion and the plaintiff's right to an opportunity to be heard; and (5) the efficacy of lesser sanctions. *Lopez*, 734 F. App'x at 17-18 (citation omitted); *Ferrer*, 2014 WL 5859139, at *2. Here, considering these factors, the Court finds that dismissal is appropriate.

**A.     Delay**

First, Plaintiff's inaction has caused significant delay. Plaintiff filed this case over four years ago, yet discovery is not complete due to his inaction. Plaintiff has not participated in this case since June 12, 2018—over one year ago—when he attended a scheduling conference before Judge Payson. ECF No. 27. Although Ms. McKay has attempted to work with Plaintiff to move this case forward, Plaintiff has not communicated with Ms. McKay or done anything to prosecute his claims. While there is no bright-line rule as to what amount of delay is "significant," *Caussade*

*v. United States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013), the Court finds that the length of Plaintiff's delay satisfies the first factor.

B.     **Notice to Plaintiff**

As to the second factor, the Court has notified Plaintiff numerous times that his failure to obey discovery orders or to participate in this case would result in dismissal. When Plaintiff missed the May 8, 2018 scheduling conference before Judge Payson, she entered an order rescheduling the conference and warning Plaintiff that if he failed to appear for the rescheduled conference, *i.e.*, to participate in his case, she would order him to show cause as to why his case should not be dismissed.

Thereafter, in Judge Payson's scheduling orders entered on June 12, 2018 and May 8, 2019, she warned Plaintiff that if a party "fails to obey this scheduling order or fails to participate in good faith, this Court will enter appropriate sanctions against that party . . . including dismissal of this action, if appropriate." ECF No. 26 ¶ 9; ECF No. 33 ¶ 6.

Additionally, in Ms. McKay's May 22, 2019 letter to Plaintiff, she warned him that she would request dismissal of this case if he did not respond to her. ECF No. 35-1 at 11. On July 17, 2019, the Court entered a scheduling order on this motion and warned Plaintiff that his claims may be dismissed if he did not respond. ECF No. 36.

Accordingly, this factor weighs in favor of dismissal because Plaintiff has been notified on several occasions that his inaction would jeopardize his case. *See, e.g.*, *Guzman*, 2006 WL 1144431, at *3 (dismissing case where the plaintiff was warned twice with the same language Judge Payson used in her scheduling order and did not respond to the defendants' dismissal motion even though the court set a response deadline).

### C. Prejudice to Defendant

This lawsuit revolves around incidents that occurred over four years ago in May and June of 2015. As described above, Defendant has been diligently attempting to move this case along, yet is still waiting to depose Plaintiff and obtain his medical records pursuant to his authorization. "Under the circumstances, a further delay may well affect witnesses' memories, the ability to locate witnesses, and the preservation of evidence including medical records." *Nieves v. Mueller*, No. 9:07-CV0003(LEK/GHL), 2008 WL 4663361, at *3 (N.D.N.Y. Oct. 20, 2008); *see also Georgiadis v. First Bos. Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) ("The passage of time always threatens difficulty as memories fade. Given the age of this case, that problem probably is severe already. The additional delay that plaintiff has caused here can only make matters worse.").

Accordingly, the Court finds that the third factor weighs in favor of dismissing this case.

### D. Court Congestion vs. Plaintiff's Right to Be Heard

As to the fourth factor, Plaintiff has relinquished his right to be heard based on his absence from this case for over one year and his refusal to comply with Judge Payson's orders, Defendant's discovery requests, and the Court's scheduling order on this motion. *See Davison v. Grillo*, No. 05 CV 4960(NG)LB, 2006 WL 2228999, at *2 (E.D.N.Y. Aug. 3, 2006) ("It is not an efficient use of the Court's or defendants' resources to permit this case to languish on the docket in the hope that plaintiff will reappear in the future."). The Court has also considered the heavy demands of its docket; this case is over four years old, yet discovery has completely stalled and the parties are nowhere near ready for summary judgment motions or trial. Thus, this factor weighs in favor of dismissal.

### E. Efficacy of Lesser Sanctions

Finally, no lesser sanction will compel Plaintiff to participate in this case. Ms. McKay and the Court have sent correspondence and orders to Plaintiff's current addresses, none of which have been returned as undeliverable, yet Plaintiff has not responded. Thus, the Court is left to conclude that Plaintiff no longer wants to prosecute this case.

Accordingly, for all the reasons stated, the Court grants Defendant's Motion to Dismiss and dismisses this case with prejudice.

## II. Deposition Fee

A court may sanction a party who fails to attend his own deposition. *Abreu v. Kooi*, No. 9:14-CV-1529-GLS-DJS, 2017 WL 4621283, at *3 (N.D.N.Y. Sept. 12, 2017), *report and recommendation adopted*, 2017 WL 4621100 (Oct. 13, 2017) (citing Fed. R. Civ. P. 37(d)(1)(A)(i)). A court must require the party who did not attend his deposition to "pay the reasonable expenses" stemming from his failure to appear "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3); *see also Davis v. Citibank, N.A.*, 607 F. App'x 93, 94 (2d Cir. 2015) ("If a party fails to attend its own deposition, the district court may . . . order the party to pay reasonable expenses.") (summary order).

As noted above, the deposition stenographer charged Ms. McKay $77.80 for Plaintiff's "no show," which the Court finds to be a reasonable expense that Plaintiff should have to bear for failing to attend the deposition. The Court has no reason to believe that Plaintiff's absence was substantially justified or that an award of expenses is otherwise unjust, as Plaintiff has not offered any such explanation in response to this motion or to Ms. McKay after he missed the deposition.

Accordingly, the Court imposes $77.80 in sanctions against Plaintiff, payable to the Attorney General's Office. *See Abreu*, 2017 WL 4621283, at *7 (finding that the plaintiff's refusal to participate in his deposition led the defendants to incur "unnecessary costs," including the stenographer fee, and ordering the plaintiff to pay that amount in sanctions).

## CONCLUSION

Defendant's Motion to Dismiss (ECF No. 35) is GRANTED and this case is DISMISSED WITH PREJUDICE. Plaintiff must pay $77.80 to the Attorney General's Office by September 30, 2019. The Clerk of Court will enter judgment and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies leave to appeal to the Court of Appeals as a poor person. *See Coppedge v. United States*, 369 U.S. 438 (1962). Plaintiff should direct requests to proceed on appeal as a poor person to the United States Court of Appeals for the Second Circuit on motion in accordance with Federal Rule of Appellate Procedure 24.

IT IS SO ORDERED.

Dated: August 23, 2019
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court